IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

      Plaintiff,                     No. 2:11-cv-0292-JAM-DAD (PC)

   vs.

SHARON M. CAMMISA, etc.,         <u>ORDER AND</u>

      Defendant.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'""

1  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting
Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the
court must accept as true the allegations of the complaint in question, Erickson, id., and construe
the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
(1974).

In his complaint, plaintiff alleges that defendant Sharon M. Cammisa, an attorney
in the Sacramento County Public Defender's Office, wrongfully charged him in 2005 with
voluntary manslaughter and the high term of eleven years plus a on year enhancement.  He seeks
money damages.

Court records reflect that in July 2005, plaintiff was convicted in Sacramento
County Superior Court on charges of voluntary first degree voluntary manslaughter with use of a
deadly weapon and sentenced to eleven years in state prison plus a one year enhancement.  See
Petition for Writ of Habeas Corpus, filed September 16, 2009, in Case No. 2:09-cv-2592 MCE
KJM (HC).[1]  Sharon M. Cammisa represented plaintiff in those criminal proceedings in state
court.  Id.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held
that a suit for damages on a civil rights claim concerning an allegedly  unconstitutional
conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence
has been reversed on direct appeal, expunged by executive order, declared invalid by a state
tribunal authorized to make such determination, or called into question by a federal court's
issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 512 U.S. at 486.

Under Heck, the court is required to determine whether a judgment in plaintiff's
favor in this case would necessarily invalidate his conviction or sentence.  Id.  If it would, the
complaint must be dismissed unless the plaintiff can show that the conviction or sentence has

---

[1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

been invalidated. Liberally construed[2], this court finds that plaintiff's action would, if it proceeded, implicate the validity of his criminal conviction, and that plaintiff has not shown that the conviction in question has been invalidated. Accordingly, the action must be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. at 486-87.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Heck v. Humphrey, 512 U.S. at 486-87.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////
/////
/////
/////
/////

---

[2] As noted above, plaintiff alleges that his public defender "charged" him with involuntary manslaughter. This is, of course, legally impossible. However, there is no possibility that plaintiff could amend his complaint in a manner that would cure the bar to proceeding with this civil rights action presented by Heck.

1  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: April 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
sugg0292.56